# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60842
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EDDIE C. OUTLAW,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-80-1

Before CLEMENT, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eddie C. Outlaw pleaded guilty of five counts of distribution of cocaine base, and the district court varied upward from the 57-to-71-month guidelines range in imposing concurrent 78-month terms of imprisonment and concurrent three-year periods of supervised release as well as a $1,500 fine. Outlaw has appealed his sentence, contending that the above-guidelines sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable and that the district court's reasons for the sentence imposed were inadequate.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). Because Outlaw did not object to the adequacy of the district court's reasons for its upward variance, this court's review of that question is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (citing *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008)). To show plain error, Outlaw must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 732-34 (1993)). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* (citing *Olano*, 507 U.S. at 736).

When the district court imposes a non-guidelines sentence, it must articulate its reasons for the sentence imposed more thoroughly. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (citing *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2006)). Its reasons should be fact-specific and consistent with the statutory sentencing factors. *Id.* (citing *Mares*, 402 F.3d at 519). "The court, however, need not engage in 'robotic incantations that each statutory factor has been considered.'" *Id.* (quoting *United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005)). Where the record makes the sentencing judge's reasoning clear and allows for effective review, no further explanation is required. *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (citing *Rita v. United States*, 551 U.S. 338, 359 (2007)).

No. 14-60842

Contrary to Outlaw's assertions on appeal, it was not improper for the district court to consider Outlaw's criminal history in imposing a non-guidelines sentence. *See Smith*, 440 F.3d at 709 (citing *Mares*, 402 F.3d at 519). The district court considered the nature and circumstances of the offense and Outlaw's history and characteristics in determining that a more lengthy sentence was necessary to provide an adequate punishment, to deter future criminal conduct, and to protect the public from Outlaw's criminality. *See id.* (citing 18 U.S.C. § 3553(a)). The district court's reasons were adequate, and the seven-month upward variance was not substantively unreasonable. There was no error, plain or otherwise. The judgment is AFFIRMED.